IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERBERT TETREAULT**<br>Moorestown, NJ 08057<br><br>*Plaintiff*,<br><br>v.<br><br>**LOCKHEED MARTIN CORPORATION**<br>6801 Rockledge Drive<br>Bethesda, MD 20817<br><br>*Defendant*. | **CIVIL ACTION NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**I.     INTRODUCTION**

Plaintiff, Herbert Tetreault ("Plaintiff"), brings this action against his former employer, Lockheed Martin Corporation ("Defendant"), asserting claims of age and sex discrimination in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD").

Plaintiff seeks all damages, including economic loss, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate under applicable law.

**II.     PARTIES**

1.     Plaintiff is an individual and a citizen of New Jersey. He resides in Moorestown, NJ.

1

2. Plaintiff is currently sixty-two (62) years of age. Plaintiff was sixty-one (61) years of age at the time that Defendant terminated his employment.

3. Plaintiff is male.

4. Defendant is a corporation incorporated in the state of Maryland.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in New Jersey.

6. Defendant maintains a principal place of business located at 6801 Rockledge Drive, Bethesda, MD 20817.

7. Defendant maintains and operates a business location at 199 Borton Landing Road, Moorestown, NJ 08057.

8. At all relevant times, Plaintiff primarily worked out of Defendant's Moorestown, NJ offices.

9. At all relevant times, Defendant employed twenty (20) or more employees.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this action.

11. At all times material hereto, Defendant acted as an "employer" within the meaning of the statutes which form the basis of this action.

12. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment or agency and in furtherance of its business.

### III. JURISDICTION AND VENUE

13. The causes of action which form the bases of this action arise under the Title VII, ADEA, and NJLAD.

14. This Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

15. This Court has jurisdiction over Count II (ADEA) pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 and 28 U.S.C. § 1332.

16. This Court has jurisdiction over Count III (NJLAD) pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332.

17. Venue is proper in the District Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

18. On or about February 5, 2025, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein ("Complaint of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's EEOC Complaint of Discrimination (with personal identifying information redacted).

19. On or about February 26, 2025, the EEOC issued Plaintiff a Notice of Right to Sue regarding his Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of this notice.

20. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.     FACTUAL ALLEGATIONS**

21. Plaintiff was hired by Defendant on or about October 31, 1994.

22. Plaintiff last held the position of Program Manager and Project Specialist Staff, Level 4.

23. Plaintiff last reported to Erica Grzenda (female, 40[1]), International Missions Systems Program Director.

24. Grzenda reported to Amr Hussein (male, 50), General Manager.

25. Plaintiff consistently demonstrated positive performance and dedication to Defendant.

26. Plaintiff performed his duties in a highly competent manner.

27. In or about October 2023, Plaintiff began directly reporting to Grzenda.

28. Grzenda had no role in Plaintiff being hired.

29. On or about May 21, 2024, in a meeting with Grzenda, she stated that three (3) Program Manager positions, including Plaintiff's position, would be eliminated and consolidated into one (1) position.

30. Grzenda stated that Plaintiff needed to apply for posted positions if he wanted to remain employed.

31. In addition to Plaintiff's position, the positions of Thomas McHugh (male, 64), Program Manager, and Anthony Perazzelli (male, 58), Program Manager, were being eliminated and consolidated into one (1) position.

32. Defendant eliminated Plaintiff's position because of his age and/or his sex.

33. On or about June 26, 2024, Plaintiff applied for the posted Spain Deputy Associate Program Manager, Level 4 position.

34. Plaintiff was qualified for the Spain Deputy Associate Program Manager, Level 4 position.

---

[1] All ages referenced herein are approximations.

35. On or about June 26, 2024, Plaintiff applied for the posted Japan Aegis Lifetime Support Program Manager, Level 5 position.

36. Plaintiff was qualified for the Japan Aegis Lifetime Support Program Manager, Level 5 position.

37. On or about June 26, 2024, Plaintiff applied for the posted Program Management Associate Manager Australia Surface Combatant, Level 4 position.

38. Plaintiff was qualified for the Program Management Associate Manager Australia Surface Combatant, Level 4 position.

39. On or about June 26, 2024, Plaintiff applied for the posted Asia Region System Security Associate Program Manager, Level 4 position.

40. Plaintiff was qualified for the Asia Region System Security Associate Program Manager, Level 4 position.

41. On or about July 18, 2024, in reviewing his applications on Defendant's online portal, Plaintiff learned that Defendant failed to select Plaintiff for the Spain Deputy Associate Program Manager, Level 4 position.

42. Plaintiff received no explanation, including the selection criteria, as to why he was not selected for the Spain Deputy Associate Program Manager, Level 4 position.

43. Instead of selecting Plaintiff, Defendant selected Matthew Mazzella (34), for the Spain Deputy Associate Program Manager, Level 4 position.

44. Plaintiff was more qualified for the Spain Deputy Associate Program Manager, Level 4 position compared to the substantially younger employee who was selected instead of him.

45. Defendant failed to select Plaintiff for the Spain Deputy Associate Program Manager, Level 4 because of his age.

46. On or about August 1, 2024, during a phone call with Joanne Tobie (female, 60), Senior Manager, Defendant failed to select Plaintiff for the Japan Aegis Lifetime Support Program Manager, Level 5 position.

47. Plaintiff received no explanation, including the selection criteria, as to why he was not selected for the Japan Aegis Lifetime Support Program Manager, Level 5 position.

48. Tobie stated that Plaintiff likely would not be selected for a position within International Programs under Grzenda and that he should look elsewhere for a job.

49. Tobie did not provide any explanation as to why Plaintiff would likely not be selected for a position within International Programs under Grzenda and/or why he should look elsewhere for a job.

50. Instead of selecting Plaintiff, Defendant selected Janna Miller (female, 45) for the Japan Aegis Lifetime Support Program Manager, Level 5 position.

51. Plaintiff was more qualified for the Japan Aegis Lifetime Support Program Manager, Level 5 position compared to the substantially younger, female employee who was selected instead of Plaintiff.

52. Defendant failed to select Plaintiff for the Japan Aegis Lifetime Support Program Manager, Level 5 position because of his sex and/or his age.

53. Plaintiff expressed his interest in and qualifications for the above-referenced positions along with his desire to remain employed with Defendant.

54. Defendant failed to interview Plaintiff for any of the positions that he applied to in 2024.

55. Defendant failed to interview Plaintiff for any position for which he was qualified and had applied because of his age and/or his sex.

56. On or about August 8, 2024, in reviewing his applications on Defendant's online portal, Plaintiff learned that Defendant failed to select Plaintiff for the Asia Region System Security Associate Program Manager, Level 4 position.

57. Plaintiff received no explanation, including the selection criteria, as to why he was not selected for the Asia Region System Security Associate Program Manager, Level 4 position.

58. Instead of selecting Plaintiff, Defendant selected Morgan Basileo (female, 26), for the Asia Region System Security Associate Program Manager, Level 4 position.

59. Plaintiff was more qualified for the Asia Region System Security Associate Program Manager, Level 4 position compared to the substantially younger, female employee who was selected instead of him.

60. Defendant failed to select Plaintiff for the Asia Region System Security Associate Program Manager, Level 4 position because of his sex and/or his age.

61. In or about August 2024, Defendant hired Theresa Small (female, 27), Australia Senior Program Manager, reporting to Grzenda.

62. On or about September 17, 2024, in a meeting with Grzenda, Defendant failed to select Plaintiff for the Program Management Associate Manager Australia Surface Combatant, Level 4 position.

63. During this same meeting on or about September 17, 2024, Defendant terminated Plaintiff's employment, effective October 1, 2024.

64. Defendant's stated reason for Plaintiff's termination was reorganization.

65. Plaintiff received no explanation, including the selection criteria, as to why he was not selected for the Program Management Associate Manager Australia Surface Combatant, Level 4 position.

66. Grzenda stated during the September 17, 2024 meeting that Plaintiff was not selected for any of the remaining positions for which he had applied.

67. Plaintiff received no explanation as to why he was not selected for any of the remining positions for which he had applied.

68. Instead of selecting Plaintiff, Defendant selected Kimberly Leifeste (female, 37), for the Program Management Associate Manager Australia Surface Combatant, Level 4 position.

69. Plaintiff was more qualified for the Program Management Associate Manager Australia Surface Combatant, Level 4 position compared to the substantially younger, female employee who was selected instead of him.

70. Defendant failed to select Plaintiff for the Program Management Associate Manager Australia Surface Combatant, Level 4 position because of his sex and/or his age.

71. On or about September 17, 2024, Plaintiff applied for the posted Ship Integration and Test Lead Project Manager, Level 4 position.

72. Plaintiff was qualified for the Ship Integration and Test Lead Project Manager, Level 4 position.

73. On September 24, 2024, in reviewing his applications on Defendant's online portal, Plaintiff learned that Defendant failed to select him for the Ship Integration and Test Lead Project Manager, Level 4 position.

74. Plaintiff received no explanation, including the selection criteria, as to why he was not selected for the Ship Integration and Test Lead Project Manager, Level 4 position.

75. Defendant failed to select Plaintiff for the Ship Integration and Test Lead Project Manager, Level 4 position because of his sex and/or his age.

76. At the time of Plaintiff's termination on October 1, 2024, in addition to Plaintiff, the following employees directly reported to Grzenda:

    a. Michael Koch (male, 44), Europe Mission Systems Senior Manager;
    b. Gavin Douglas (male, 47), Australia Lead Senior Manager;
    c. Jeanne Rosania (female, 53), Australia Mission Systems;
    d. Anthony Perazzelli (male, 58), Program Manager,
    e. Frank Conselatore (male, 60), Export Strategies and Solutions Senior Manager;
    f. Thomas McHugh (male, 64), Program Manager; and
    g. _____ [open position], Asia Mission Systems Senior Manager.

77. Plaintiff was as, if not more, qualified for each of these employees' positions.

78. Plaintiff was the only employee directly reporting to Grzenda who was terminated effective October 1, 2024.

79. At the time of his termination, Plaintiff was the second oldest employee directly reporting to Grzenda.

80. In or about October or November 2024, following the above, Defendant terminated McHugh (male, 64) and Perazzelli (male, 58).

81. Defendant assigned Plaintiff's job duties and responsibilities to Miller (female, 45).

82. Plaintiff was more qualified to perform his job duties compared to the substantially younger, female employee who was retained and to whom Plaintiff's job duties were assigned.

83. Plaintiff received no explanation, including the criteria, as to why he was terminated while substantially younger and/or female employees were retained.

84. Defendant retained substantially younger and/or female employees with less service time in positions for which Plaintiff was more qualified.

85. Defendant terminated Plaintiff's employment because of his age and/or his sex.

86. Defendant failed to select Plaintiff for any open position for which he was qualified and had applied because of his age and/or his sex.

87. Defendant failed to retain Plaintiff in or transfer to Plaintiff to or select Plaintiff for any open position for which he was qualified.

88. Defendant failed to retain Plaintiff in or transfer to Plaintiff to or select Plaintiff for any open position for which he was qualified because of his age and/or his sex.

89. Plaintiff had no opportunity to remain employed with Defendant.

90. Other employees have complained of age and/or sex discrimination at Defendant.

91. Defendant has for decades been discriminating against its older employees, including through its programs designed to benefit younger workers who are being groomed for future leadership positions.

92. Defendant's age and sex discriminatory conduct has caused Plaintiff emotional distress.

93. Defendant has provided no legitimate, nondiscriminatory explanation for eliminating Plaintiff's position.

94. Defendant has provided no legitimate, nondiscriminatory explanation for failing to select Plaintiff for any open position for which he was qualified and had applied.

95. Defendant has provided no legitimate, nondiscriminatory explanation for failing to interview Plaintiff for any open position for which he was qualified and had applied.

96. Defendant has provided no legitimate, nondiscriminatory explanation for failing to retain Plaintiff in any open position for which he was qualified.

97. Defendant has provided no legitimate, nondiscriminatory explanation for terminating Plaintiff's employment.

98. Defendant has provided no explanation for failing to remedy or prevent the age and sex discrimination to which Plaintiff has been subjected.

99. Defendant did not target or treat in the same way similarly situated younger employees and/or female employees.

100. Plaintiff's age and/or sex were motivating and/or determinative factors in Defendant's discriminatory treatment of Plaintiff, including, but not limited to, the elimination of Plaintiff's position, Defendant's failure to interview or hire Plaintiff for open positions for which he qualified, and Defendant's decision to terminate Plaintiff's employment.

101. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

102. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

103. The conduct of Defendant, as alleged herein, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

104. The conduct of Defendant, as alleged herein, included upper-management involvement and was especially egregious.

105. Defendant's age discriminatory conduct towards Plaintiff was willful, warranting the imposition of liquidated damages.

106. No previous application has been made for the relief requested herein.

## COUNT I
### (VIOLATION OF TITLE VII)

107. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

108. By committing the foregoing acts of discrimination against Plaintiff, Defendant has

violated Title VII.

109. Defendant acted intentionally and willingly, with malice and/or reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

110. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

111. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

112. No previous application has been made for the relief requested herein.

## COUNT II
## (VIOLATION OF THE ADEA)

113. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

114. By committing the foregoing acts of discrimination, Defendant has violated the ADEA.

115. Said violations were willful under the circumstances, warranting the imposition of liquidated damages.

116. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

117. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

118. No previous application has been made for the relief requested herein.

## COUNT III
## (VIOLATION OF THE NJLAD)

119. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

120. By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the NJLAD.

121. Members of upper management of Defendant had actual participation in and/or willful indifference to and/or acted recklessly indifferent to Defendant's unlawful conduct set forth herein.

122. Said violations were especially egregious, carried out with reckless disregard to Plaintiff's protected rights, and warrant the imposition of punitive damages.

123. As a direct and proximate result of Defendant's violations of the NJLAD, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

124. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

125. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    (a)    declaring the acts and practices complained of herein to be in violation of Title VII, ADEA and the NJLAD;

  (b)  enjoining and permanently restraining the violations alleged herein;

  (c)  entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

  (d)  awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

  (e)  awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

  (f)  awarding punitive damages to Plaintiff under Title VII and the NJLAD;

  (g)  awarding liquidated damages to Plaintiff under the ADEA;

  (h)  awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

  (i)  granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By: */s/ Kevin Console*
   KEVIN CONSOLE, ESQ.
   110 Marter Avenue, Suite 502
   Moorestown, New Jersey 08057
   Phone: (856) 854-4000
   kevinconsole@consolelaw.com

Dated: 5/23/2025       *Attorneys for Plaintiff, Herbert Tetreault*